**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIRK E. WEBSTER,

          Appellant,

      v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBERS
DC-0752-13-0447-I-1
DC-0752-13-0448-I-1

DATE: SEPTEMBER 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kirk E. Webster</u>, Ashburn, Virginia, pro se.

<u>Edward A. Kendall, Jr.</u>, Esquire, and <u>Jack W. Rickert</u>, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed petitions for review of the initial decisions, which dismissed his appeals concerning his alleged removal and the revocation of his security clearance for lack of jurisdiction. We JOIN these two appeals because

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appellant filed a single petition for review, which he later indicated should apply in both appeals.  MSPB Docket No. DC-0752-13-0447-I-1 (0447), Petition for Review (PFR) File, Tab 6 at 2; *see* 5 C.F.R. § 1201.36.  For the reasons set forth below, the appellant's petitions for review are DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## DISCUSSION OF TIMELINESS ISSUE

¶2  The administrative judge issued initial decisions in the above-noted appeals on April 26, 2013.  0447, Initial Appeal File (IAF), Tab 9, Initial Decision (ID); MSPB Docket No. DC-0752-13-0448-I-1 (0448), IAF, Tab 5, ID.  The administrative judge informed the appellant that both initial decisions would become final on May 31, 2013, if the appellant did not file petitions for review on or before that date.  0447, ID at 7; 0448, ID at 6; *see* 5 C.F.R. § 1201.113.

¶3  The appellant filed his petitions for review on April 29, 2014, nearly one year beyond the filing deadline.  Accordingly, the Clerk of the Board informed the appellant that his petitions appeared to be untimely filed because they were not postmarked or received on or before May 31, 2013.  0447, PFR File, Tab 2 at 1-2; 0448, PFR File, Tab 2 at 1-2.  The Clerk afforded the appellant an opportunity to file a motion establishing that his petitions were timely filed or, if they were not, that he is entitled to a waiver of the time limit for good cause. 0447, PFR File, Tab 2 at 2; 0448, PFR File, Tab 2 at 2.  The Clerk also enclosed a form to which the appellant could refer for guidance in responding regarding the timeliness issue.  0447, PFR File, Tab 2 at 7-8; 0448, PFR File, Tab 2 at 7-8.

¶4  The appellant timely filed a response.[2]  0447, PFR File, Tab 4.  He did not allege that his petitions were timely filed but, rather, moved to waive the filing

---

[2] The appellant did not separately file a response in MSPB Docket No. DC-0752-13-0448-I-1.  However, he later explained that he was confused about the Board's docketing procedures and indicated that the response he filed in MSPB Docket No.

deadline. *Id.* He argued that there is good cause for his untimely filings because until receiving a March 28, 2014 letter from the U.S. Equal Employment Opportunity Commission's Office of Federal Operations (OFO) on or about April 1, 2014, he did not previously "have concrete irrefutable proof" that agency counsel committed perjury before the U.S. District Court of Maryland and the U.S. Court of Appeals for the Fourth Circuit, during the litigation of one of his Equal Employment Opportunity (EEO) complaints. *Id.* at 3-4. He attaches an excerpt of what he contends is an affidavit by agency counsel, executed in February 2005, wherein agency counsel stated that OFO agreed with the agency's rejection of the appellant's claim, made in a March 2002 EEO complaint, that the agency breached a settlement agreement.[3] *Id.* at 4, 8-10. The appellant asserts that agency counsel's statement in the affidavit was "an outright lie" because OFO's March 2014 decision indicates that it did not reach a decision on his claim of breach in the complaint at issue but, rather, dismissed his appeal upon his filing of a civil action. *Id.* at 4-6, 11-13. He believes that agency counsel made this purportedly false statement with the intent to cause him financial hardship and harm his credit record, so that he would lose his security clearance and his job, in retaliation for his filing of an EEO complaint wherein he identified agency counsel as a Responsible Management Official. *Id.* at 5-6.

---

DC-0752-13-0447-I-1 should also apply to MSPB Docket No. DC-0752-13-0448-I-1. 0447, PFR File, Tab 6 at 2.

[3] The Fourth Circuit stated that OFO held that the appellant had not shown a breach of the settlement agreement and agreed with the agency's rejection of the claim. *Webster v. Rumsfeld*, No. 04-1739, 2005 WL 3229753, at *574 (4th Cir. Sept. 19, 2005). The appellant contends, therefore, that agency counsel's allegedly false statement influenced the Fourth Circuit's decision. 0447, PFR File, Tab 4 at 5-6. However, the Fourth Circuit's decision to affirm the District Court's grant of summary judgment in favor of the agency on the appellant's breach claim was clearly based on its review of the terms of the agreement and the appellant's arguments regarding the alleged breach, not on any purported findings by OFO. *See Webster*, 2005 WL 3229753, at *577.

¶5        We find that the appellant has not established good cause for filing his petitions for review nearly a year beyond the deadline to do so.  We discern no basis to conclude that an alleged lie purportedly told during the course of litigation in an entirely different forum nearly a decade ago had any bearing whatsoever on the timeliness of the appellant's petitions for review in these appeals.[4]  To the extent that the appellant contends that he did not timely file his petitions for review because he was awaiting OFO's decision, or because he otherwise believed he did not have sufficient proof to support his claims, we find that such arguments do not establish good cause, particularly given that the appellant has provided no explanation for his failure to request an extension of time before the expiration of the filing deadline.  *See Cassidy v. U.S. Postal Service*, 65 M.S.P.R. 86, 89 (1994); *see also Martin v. Defense Logistics Agency*, 39 M.S.P.R. 324, 326 (1988), *aff'd*, 878 F.2d 1445 (Fed. Cir. 1989) (Table).

¶6        Accordingly, we dismiss the petitions for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petitions for review.  The initial decisions remain the final decisions of the Board as to the appellant's appeals regarding his alleged removal and the revocation of his security clearance.

---

[4] The appellant also appears to assert that agency counsel's alleged false statement constitutes evidence that he was coerced to retire.  *See* 0447, PFR File, Tab 4 at 4.  We note that the appellant filed an appeal alleging that he involuntarily retired from the agency (MSPB Docket No. DC-0752-13-0446-I-1).  He asks that the Board "extend" his petition for review to his involuntary retirement appeal.  0447, PFR File, Tab 6 at 2. However, the appellant already filed a petition for review in that matter, which the Board denied in a Final Order affirming the administrative judge's initial decision dismissing the appeal for lack of jurisdiction because the appellant failed to establish that his waiver of Board appeal rights in a settlement agreement was invalid.  *Webster v. Department of Defense*, MSPB Docket No. DC-0752-13-0446-I-1, Final Order (Sept. 23, 2013).  The appellant's request to again petition for review of the initial decision in MSPB Docket No. DC-0752-13-0446-I-1 is, therefore, DENIED.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.